IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BYRON SIMPSON, Personal )
Representative for the Estate of LIONA )
MAY SIMPSON, Deceased, )
 )
      Plaintiff, )
 )
v. ) Case No. CIV-17-339-R
 )
DALJEET SINGH LITT, an individual; )
and, MOHAMMAD TANVEER DBA )
TS TRUCKING, a foreign corporation; )
and, WESCO INSURANCE COMPANY, )
 )
      Defendants. )
 )

**ORDER**

Before the Court is Defendant Wesco Insurance Company's Motion to Dismiss. Doc. 4. The matter is fully briefed. Docs. 6 & 7. Defendant's Motion is GRANTED.

Plaintiff Byron Simpson, personal representative of the Estate of Liona May Simpson, brings this negligence action against Defendants after Ms. Simpson sustained fatal injuries in a car crash in November 2014 on an Oklahoma highway. Doc. 1, at 2. Mr. Simpson names as a defendant not only the truck driver that allegedly caused the crash (Defendant Litt) and the driver's employer (Mohammad Tanveer d/b/a TS Trucking), but also the trucking company's insurer, Wesco Insurance Company (Wesco). Doc. 1, at 2. In its Motion to Dismiss, Wesco argues that Mr. Simpson has no statutory basis for naming Wesco as a defendant before he has obtained judgment against TS Trucking.

1

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To survive a motion to dismiss, a pleading must offer more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). There must be "sufficient factual matter, [which if] accepted as true . . . state[s] a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court "must accept all the well-pleaded allegations of the complaint . . . and must construe them in the light most favorable to the [non-moving party]." *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014).

The sole issue here is whether Wesco may be named as a defendant prior to judgment being entered against its insured. Mr. Simpson alleges it may, since "[p]ursuant to 47 O.S. § 169, Defendant Wesco is bound to make compensation for injuries or death of persons resulting from the operations and conduct of Defendant Mohammad Tanveer [d/b/a] TS Trucking . . . and/or its agents and employees." Doc. 1, Ex. 1, at 2. Under Oklahoma's statutory scheme, however, that is not the case.

The general rule in Oklahoma is that a "defendant's insurer cannot be directly sued by a plaintiff." *Hobbs v. Rui Zhao*, No. 13-CV-0673-CVE-FHM, 2014 WL 3898408, at *3 (N.D. Okla. Aug. 11, 2014) (citing *Daigle v. Hamilton,* 782 P.2d 1379, 1380 & n. 1 (Okla.1989)). The Oklahoma Supreme Court did recognize in *Daigle*, however, that injured parties could jointly sue motor carriers and their insurance companies when the carrier was required to file proof of a liability insurance policy with the Oklahoma Corporation

Commission (OCC) under 47 Okla. Stat. § 169(A). *Id*. That statute forbids the OCC from issuing any certificate to a motor carrier of household good to operate in Oklahoma until the carrier has filed with the OCC proof of an insurance policy covering liability arising out of the motor carrier's operations.[1] The *Daigle* court reasoned that this statute—not the insurance policy itself—created a direct liability of the insurance company to an injured party and warranted naming the insurance company as a defendant. 782 P.3d at 1381.

A second Oklahoma law, however, also justifies naming an insurer as a party. When Oklahoma enacted the Motor Carrier Act of 1995 (MCA) Okla. Stat. 47 § 230.21, *et seq.*, it simply adopted the idea behind § 169. The MCA makes it unlawful for "any motor carrier to operate or furnish service within [Oklahoma] without first having obtained from the [Oklahoma Corporation Commission] a license," *id.* § 230.28, and requires that the carrier have an approved insurance policy or bond requirement before the OCC grant it a license, *id*. § 230.30. The MCA, however, did not entirely supersede § 169, since the MCA applies only "to the transportation of passengers or property by motor carriers and private carriers, *except motor carriers of household goods and used emigrant movables*, over public highways of this state." Okla. Stat. 47 § 230.22(C). In contrast, § 169, now part of

---

[1] "No certificate shall be issued by the Corporation Commission to any motor carrier of household goods until after such motor carrier shall have filed with the Commission a liability insurance policy or bond covering public liability and property damage . . . and such liability and property damage insurance policy or bond shall bind the obligor thereunder to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of any such motor carrier for which such carrier is legally liable. After judgment against the carrier for any damage, the injured party may maintain an action upon the policy or bond to recover the same, and shall be a proper party to maintain such action." Okla. Stat. 47, § 169.

Oklahoma's Household Goods Act of 2009, applies to "intrastate transportation by motor carriers of household goods," with motor carriers of household goods limited to "person[s] transporting household goods . . . with an origin and destination within [Oklahoma]." Okla. Stat. 47, § 161A

Consequently, "[section] 169 applies by its very terms only to . . . household goods and used emigrant movables or other intrastate motor carriers." *Mason v. Dunn*, No. CIV-14-282-KEW, 2016 WL 1178058, at *2 (E.D. Okla. Mar. 23, 2016); *see also White v. Lewis*, No. CIV-13-862-C, 2014 WL 7272464, *1 (W.D. Okla. Dec. 18, 2014) ("The clear language of § 169 establishes that it applies only to those motor carriers whose principal place of business in is Oklahoma); *Irvan v. Golodnykh*, No. CIV-16-075, 2016 WL 3562057, *1 (E.D. Okla. June 24, 2016) (granting summary judgment on identical grounds). So for our purposes, Mr. Simpson has failed to state a claim against Wesco under Okla. Stat. § 169. There has been no allegation TS Trucking is a carrier of household goods, and is appears that TS Trucking is not an intrastate carrier given Mr. Simpson's allegation that the company is a California corporation. Doc. 1, Ex. 1, at 2. The Court therefore dismisses Wesco from this case.

Perhaps conceding that § 169 provides no basis for naming Wesco as a defendant, Mr. Simpson requests leave to amend. Pursuant to Fed.R.Civ.P. 15(a)(2), a plaintiff may amend his complaint after the defendant has answered only with leave of court. "The Court has the discretion whether to grant a motion seeking leave to amend, and leave should be freely granted where justice so requires." *Midcities Metro. Dist. No. 1 v. U.S. Bank Nat'l Ass'n*, 44 F. Supp. 3d 1062, 1065 (D. Colo. 2014). That said, a Court may deny leave to

amend where doing so would be futile. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Here it might be. As explained, the only other statute under which Wesco could be named as a defendant is Okla. Stat. 47, § 230.30. From the facts as pled, it is not clear whether § 230.30 would apply to TS Trucking. So the Court will grant Mr. Simpson leave to amend, but in hopes of not having to revisit the issue of whether Wesco is a proper defendant, the Court will inform Mr. Simpson of its understanding of when § 230.30 applies.

The Oklahoma Supreme Court in *Daigle* seemed to lay a blanket rule that a plaintiff could maintain a joint, direct action against the carrier and the insurer by virtue of the carrier's obligation to maintain insurance under the statute. 782 P.2d 1379, 1381 (Okla. 1989). Under that reasoning, § 230.30 would seem to allow Mr. Simpson to state a claim here. Unfortunately for him, the Oklahoma Court of Civil Appeals carved out an exception to this rule in *Fierro v. Lincoln Gen. Ins. Co.*: because neither § 169 nor § 230.30 applies to *interstate* motor carriers, the interstate carrier's insurance company cannot be named as a defendant prior to judgment being entered against the carrier. 217 P.3d 158, 160 (Okla. Civ. App. 2009).

Given that TS Trucking appears to be an interstate carrier, *Fierro* suggests that Wesco is not a proper defendant here. This conclusion appears to be in line with the federal courts that have taken up the issue, none of which accept Mr. Simpson's argument that *Daigle* never distinguished between foreign and domestic interstate carriers. His implicit argument appears to be that Oklahoma's participation in the federal government's Unified

5

Carrier Registration (UCR) System means that interstate carriers operating within Oklahoma, such as TS Trucking, are still insured and their insurance companies may therefore be named as joint defendants under Oklahoma law.

For background, under the UCR system a motor carrier may operate in several states, including Oklahoma, simply by filing proof of insurance in its home state. *Mason*, 2016 WL 1178058, at * 2 (citing 49 C.F.R. § 367.4; 49 U.S.C. § 14504a; Okla. Stat. 47, § 162.1). Thus, "a for-hire motor carrier engaged in interstate commerce that complies with the Federal Motor Carrier Safety Regulations and registers its liability insurance policy or bond in its base state need not register in any other state participating in the UCR agreement"—such as Oklahoma. *Beebe*, 2012 WL 137780, at *1 n.1 (citing 49 U.S.C. §§ 13908, 14504a). And because (1) these interstate carriers need not register in Oklahoma and (2) § 230.30 applies only to motor carriers *required* to obtain a license from the OCC, interstate carriers who have registered proof of insurance in their home state rather than Oklahoma are not subject to § 230.30. *See e.g., White*, 2014 WL 7272464, *1 (W.D. Okla. Dec. 18, 2014) (*citing Fierro*, 217 P.3d at 159 (Adams, J. concurring)).

Given § 230.30 is inapplicable to these interstate carriers, federal courts have been unanimous in holding that the insurance companies for interstate carriers who have not filed proof of insurance in Oklahoma may not be named as joint defendants. *See Mason*, 2016 WL 1178058, at *2 (E.D. Okla. Mar. 23, 2016) ("The terms of Section 230.30 clearly apply in the limited circumstances where the motor carrier obtains a license from the Oklahoma Corporation Commission as defined by Okla. Stat. tit. 47 § 230.23(3)."); *White*, 2014 WL 7272464*1 (W.D. Okla. Dec. 18, 2014) (finding that because the insured was a

foreign corporation and therefore not required under the UCR System to file a certificate with the Oklahoma Corporation Commission, its insurance company was not a proper defendant under Okla. Stat. tit. 47, § 230.30); *Beebe v. Flores*, No. CIV-11-1381-HE, 2012 WL 137780, *1 (W.D. Okla. Jan. 28, 2012) (declining to accept legal conclusion that insurance company was a proper party under § 230.30 and therefore dismissing it because "this court, other federal courts, and a panel of the Oklahoma Court of Civil Appeals, have held that § 230.30(A) does not authorize a direct action against the insurer of an out-of-state motor carrier that has registered in its 'home' or 'base' state and not with the Oklahoma Corporation Commission"); *Hubbard v. Liberty Mutual Fire Ins. Co.*, No. CIV-06-356, 2007 WL 1299270 (E.D. Okla. May 1, 2007) (granting summary judgment to insurer because motor carrier did not obtain license from or file insurance with Oklahoma Corporation Commission); *but see Mize v. Liberty Mutual Ins. Co.*, 393 F.Supp.2d 1223, 1226 (W.D. Okla. 2005) (refusing to dismiss insurance company from suit, pre-*Iqbal*, and accepting legal conclusion that insurance company was a proper defendant under § 230.30). Simply put, "merely submitting a home state's insurance policy as part of the UCR . . . is insufficient to allow a direct cause of action [against an insurer] under section 230.30," and courts have "roundly rejected" arguments to the contrary." *Hobbs*, 2014 WL 3898408, at *3 (collecting cases).

Mr. Simpson may name Wesco as a defendant if the Oklahoma Corporation Commission has issued it a motor carrier license. *See, e.g., Sallee v. L.B. Trucking, Inc.*, No. 11-CV-212-TCK-PJC, 2012 WL 314237, *9 (refusing to dismiss insurance company from case where its insured "[held] an Oklahoma motor carrier license and therefore

presumably has an insurance policy on file with the OCC"). His complaint does not allege that TS Trucking has obtained this license and, in fact, admits he has no information on whether TS Trucking has done so. Doc. 6, at 3 n.1. Unless Mr. Simpson has reason to believe it has, amendment would be futile. The Court will not accept his legal conclusion that Wesco is a proper party under § 230.30. *See, e.g, Beebe*, 2012 WL 137780, at *1.

Defendant's Motion is GRANTED and leave to amend is granted to the extent it would be consistent with this Order.

IT IS SO ORDERED this 23rd day of May 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE